IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SPINDLETOP DRILLING COMPANY                                              PLAINTIFF

V.                                      CASE NO. 09-CV-1034

O. BRYANT LEWIS; STATE LINE
VACUUM SERVICE, L.L.C.; LEWIS
LOUISIANA PROPERTIES, L.L.C.;
LEWARK, L.L.C.; and BARNETTE &
BENEFIELD, INC.                                                          DEFENDANTS

### MEMORANDUM OPINION and ORDER

Before the Court is a Motion to Dismiss for failure to state a claim, or in the alternative, to dismiss for Forum Non Conveniens filed by Defendants. (Doc. 13). Plaintiffs have responded. (Doc. 15). The Court finds this matter ripe for consideration.

### BACKGROUND

Plaintiff, Spindletop Drilling Company ("Spindletop"), is a Texas corporation specializing in drilling, exploring for, and producing oil and gas. Spindletop is authorized to conduct business in Arkansas and Louisiana. Separate Defendant O. Bryan Lewis is a resident of Louisiana and the principal of Separate Defendants State Line Vacuum Services, L.L.C., Lewis Louisiana Properties, L.L.C., and Lewark, L.L.C. Lewis, along with these corporate entities he owns, specializes in disposing of salt water which is a byproduct of oil and gas drilling. Separate Defendant Barnette & Benefield, Inc ("Barnette") is a Louisiana corporation doing business in Louisiana and Arkansas and is engaged in the business of transporting heavy equipment and goods.

Spindletop alleges that, after refusing to sell certain storage tanks to Lewis, Lewis and/or Lewis Louisiana Properties removed four storage tanks from Spindletop's well in Clairborne Parish,

Louisiana (the Waller-Taylor Well) and transported these tanks from Louisiana to Arkansas using Defendant Barnette's equipment transportation services. Spindletop maintains that Defendants Lewis and/or Lewis Louisiana Properties converted these storage tanks for use in their salt water disposal business. Spindletop further alleges that, at the time of removal, the tanks contained quantities of stored oil and gas which were converted by State Line Vacuum Services for its own use.

Plaintiff asserts causes of action under the Racketeer Influenced and Corrupt Organizations Act (RICO) and "Writ of Replevin" under Arkansas state law. Defendants ask the Court to dismiss Plaintiff's RICO claims for failure to state a claim upon which relief can be granted. Defendants further ask that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law replevin claim. In the alternative, Defendants ask that the Court dismiss Plaintiff's claims for Forum Non Conveniens.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) should be granted when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal should be granted only when the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluation of a complaint, only its legal sufficiency may be considered, not the weight of the evidence supporting it. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). The complaint must be liberally construed in the light most favorable to the plaintiff. *Bell Atlantic*, 550 U.S. at 554-55. Furthermore, a court must accept as true all factual allegations in the complaint, even if doubtful. *Id.* at 555.

DISCUSSION

*1. RICO*

RICO makes it "unlawful for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To demonstrate a civil violation of this section, "a plaintiff must establish (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 570 (8th Cir. 1996).

The threshold issue in a civil RICO cause of action under 18 U.S.C. § 1962 (a), (b), (c), or (d) is whether a defendant has engaged in a "pattern of racketeering activity." In order to qualify as a pattern of activity, the plaintiff must allege two or more predicated acts occurring within ten years of each other. 18 U.S.C. § 1961(5). These acts must also be linked in "continuity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240 (1989), *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008). There are two types of continuity that may satisfy the requirement: close-ended continuity and open-ended continuity. Close-ended continuity applies in cases where the two or more predicated acts have occurred during a time frame spanning more than one year. *Id*. at 242. Close-ended continuity will not apply here because the two predicate acts alleged by Spindletop (i.e., conversion of the oil/gas and the carrying away of the storage tanks) occurred within a matter of days.

Open-ended continuity can apply where the two or more predicate acts have occurred within one year and involve a distinct threat of repetition and long-term racketeering activity. *Id.* The

Supreme Court offered this scenario as an example of the type of specific threat that should exist in order for open-ended continuity to apply:

> "Suppose a hoodlum were to sell 'insurance' to a neighborhood's storekeepers to cover them against breakage of their windows, telling his victims he would be reappearing each month to collect the 'premium' that would continue their 'coverage.'" *Id*.

Spindletop argues that open-ended continuity exists in this case because, after committing the initial acts of conversion that spanned a few days, Defendants have continued to use the stolen tanks in their salt water disposal business. Plaintiff maintains that this continued use amounts to a threat of repetition and long-term racketeering activity. Defendants argue that open-ended continuity does not exist in this case because Spindletop does not allege that the Defendants intended to continue to convert oil or real property from Spindletop over an extended period of time. Defendants insist that this case simply involves "garden variety conversion" that does not rise to the level of racketeering activity.

Construing the facts in the light most favorable to Plaintiff, it is clear that no relief can be granted based upon these RICO allegations. While the Plaintiffs have sufficiently alleged one or more predicate acts by Defendant, it has not shown that these acts constitute a continuous pattern of racketeering activity. Plaintiff's complaint outlines two acts of conversion: (1) the tanks that were transported by the defendant from Louisiana to Arkansas, and (2) the oil and gas that remained in the tanks when they were transported. Plaintiff has not alleged that Defendants have plans to continue stealing tanks, oil, or gas from their company. A stolen item which leads to a singular injury to Plaintiff does not create a "threat of continuous racketeering activity" simply because the stolen item is put to use by Defendant. Essentially, this case involves a single transaction, involving

one victim, taking place over a short period of time; this type of civil dispute is not a cause of action that RICO was intended to govern.[1]

Plaintiff has not proffered enough facts to state a claim to relief that is plausible on its face. Thus, Plaintiff's RICO allegations are dismissed as to all Defendants.  Because Spindletop's allegations against the Defendants do not amount to a "pattern of racketeering activity," it is not necessary for the Court to individually address Spindletop's claims under 18 U.S.C. § 1962 (a), (b), (c), and (d).

*2. Writ of Replevin*

In addition to Spindletop's RICO claims, they also allege a common law replevin action for recovery of the stolen property.  Because the Court has dismissed all of Plaintiff's RICO claims, the Court will not exercise 28 U.S.C. §1367 supplemental jurisdiction over Plaintiff's state law claims. These claims are dismissed without prejudice and may be re-filed in state court.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' motion to dismiss should be and hereby is **granted**.  Plaintiff's RICO claims are dismissed with prejudice.  The remaining Writ of Replevin claim under Arkansas state law is dismissed without prejudice.

**IT IS SO ORDERED**, this 14th day of July, 2010.

                                           /s/ Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        United States District Judge

---

[1] The Eighth Circuit has consistently rejected "attempts to convert ordinary civil disputes into RICO cases." *Craig Outdoor Advertising, Inc.*, 528 F.3d 1001, 1029 (8th Cir. 2008), *See, e.g.*, *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank*, 934 F.2d 976, 981 (8th Cir. 1991).